IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTTIE H. GIBSON, #201901879, | § § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:22-cv-02057-M (BT) |
| DALE S. HANNA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Scottie H. Gibson, a pretrial detainee at the Johnson County Jail, initiated this *pro se* lawsuit by filing the court-approved form for a complaint in a prisoner civil rights lawsuit. Succinctly stated, Gibson alleges that he is being unlawfully detained, and his Due Process, Equal Protection, and Sixth Amendment rights are being violated. In view of these allegations, the Court should construe this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and dismiss it for failure to exhaust state court remedies. S*ee Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *see also Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions such as Dickerson's [pre-trial challenges to state charges] are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.") (footnote omitted).

1

I.

Gibson is presently detained in the Johnson County Jail in Cleburne, Texas. In his initial filing, he argues that his Due Process rights have been violated, and he is being maliciously prosecuted. He further argues that he is now subject to an "unlawful detainment." Pet. 5 (ECF No. 4). Gibson contends that one of his court-appointed attorneys, Don Bonner, provided ineffective assistance of counsel and violated his Sixth Amendment rights. Specifically, Gibson contends that Bonner was appointed on March 9, 2020, he advised Bonner that he was ready for trial, and he specifically directed Bonner to invoke his rights to a speedy trial. However, Gibson claims that Bonner failed to comply with his directions, and the "intentional delay" of his trial is a violation of his Sixth and Fourteenth Amendment rights. *Id.* at 8. Gibson also alleges that his Eighth Amendment rights were violated when the court set his bond at $250,000, which is more than he can afford. As relief, Gibson seeks a "monetary settlement," a declaratory judgment, and the "court's intervention to help [him]." *Id.* at 6, 13.

II.

A pretrial petition, like Gibson's, is properly brought under § 2241, which applies to a person in custody, regardless of the present status of the case pending against that person or whether a court has rendered a final judgment. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). But a state pretrial detainee must fully exhaust available state remedies before

2

seeking federal habeas relief. *See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987)* (addressing a § 2241 filed by a state pretrial detainee). And exhaustion under § 2241 requires that a state pretrial detainee fairly present his claims to the state courts. *Id.* at 228. In Texas, this involves submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals (CCA). *Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982)*. An exception may exist where there is an absence of available state corrective measures available or "exceptional circumstances of peculiar urgency" make any such process ineffective to protect the petitioner's rights. *See Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993)* (quoting *Ex Parte Hawk, 321 U.S. 114, 118 (1944)*).

Here, Gibson cannot demonstrate that he exhausted his state court remedies prior to filing his petition. He does not mention the exhaustion of his claims in state court. Further, an independent review of the Texas CCA's website reveals that Gibson has filed two writs of prohibition, a writ of mandamus, and a motion for leave to file a writ of habeas corpus. However, he has not presented his claims to the Texas CCA for review. Consequently, his petition should be dismissed.

### III.

For the foregoing reasons, the Court should construe this action as a petition for writ of habeas corpus filed under § 2241 and dismiss Gibson's petition without prejudice for failure to exhaust state court remedies.

Signed October 28, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).